Argued and submitted April 11, affirmed October 1, 1997

In the Matter of the Compensation of
Susan A. Michl, Claimant.

BEVERLY ENTERPRISES,
*Petitioner,*

*v.*

Susan A. MICHL,
*Respondent.*

(93-04959; CA A94779)

945 P2d 658

Jerald P. Keene argued the cause and filed the brief for petitioner.

David C. Force argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Employer petitions for review of a decision by the Workers' Compensation Board setting aside employer's denial of claimant's compensation claim. We conclude that the decision of the Board is supported by substantial evidence in the record and, accordingly, affirm.

Claimant applied for workers' compensation benefits after she slipped at work and dislocated her knee. Employer denied her claim on the ground that her injury was not work related. Claimant requested a hearing, where the referee upheld the denial. Claimant then requested review by the Board, which reversed the order of the referee and held claimant's injury to be compensable.

Employer argues that the Board failed to apply the proper standard of proof to the evidence before it. Specifically, employer argues that it is clear from the medical evidence that claimant suffered from a preexisting condition, described as a "patellar tracking problem," that predisposed her knee to dislocation and that the Board neglected to apply the standard of proof required by ORS 656.005(7)(a)(B) for injuries caused in part by preexisting conditions.[1] Claimant argues in response that there is no medical evidence that she suffered from a preexisting condition and that, without such evidence, the Board was not required to find that her injury was caused, in part or in whole, by a preexisting condition. We agree with claimant.

---

[1] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

ORS 656.005(24) defines a preexisting condition as

"any injury, disease, congenital abnormality, personality disorder or similar condition that contributes or predisposes a worker to disability or need for treatment and that precedes the onset of an initial claim for an injury or occupational disease, or that precedes a claim for worsening pursuant to ORS 656.273."

The medical evidence before the Board consisted of copies of claimant's medical files and a letter from claimant's treating physician. The files showed that claimant had suffered injuries to her left knee in the past, including dislocation. The physician's letter noted the previous dislocation, stated that it was fully healed and concluded that the complained of injury solely was attributable to claimant's work-related accident. Employer points to notations in claimant's medical records of "patellar tracking problems" and diagnoses of "dislocating kneecap" to argue that claimant suffers from a predisposition to knee dislocation. We are not persuaded. The medical exhibits do not indicate definitively that such "tracking" problems were an ongoing condition, existing even while there was no apparent injury to claimant's knee. Employer also failed to present any medical evidence defining a "patellar tracking problem" as an ongoing condition.

The only *objective* medical evidence[2] before the Board as to the cause of claimant's disputed injury was the attending physician's letter, which stated that the injury solely was caused by the work-related accident.[3] ORS 183.484(4)(c) provides that "[s]ubstantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." Given the medical evidence available to the Board, it was reasonable for it to conclude that claimant's knee dislocations were specific, discrete injuries, not the result of an ongoing condition predisposing claimant's knee to dislocation. Accordingly, the Board did not err in refusing to apply the standard set forth in ORS 656.005(7)(a)(B) for injuries combined with preexisting conditions.

Affirmed.

---

[2] ORS 656.005(7)(a) requires that compensable injuries be established by medical evidence supported by objective findings.

[3] Employer also contends that physician's use of the term "recurrent" in relation to the knee dislocation indicates a preexisting condition. We disagree. It is equally reasonable that the physician's use of that word merely indicates a recognition by the physician that claimant had had such an injury before, without creating a link between the injuries.